Enrique TORTOLEDO–GONZALEZ, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–74817.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.**

Filed Feb. 21, 2006.

---

6. *Booker,* 125 S.Ct. at 765.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

494

William Baker, Esq., Chula Vista, CA, for Petitioner.

CAS-District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Patricia A. Smith, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM ***

Enrique Tortoledo–Gonzalez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of his application for cancellation of removal for failure to establish ten years of continuous physical presence in the United States, as required under 8 U.S.C. § 1229b(b)(1)(A). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Tortoledo–Gonzalez contends that his three voluntary departures did not cause breaks in his continuous physical presence because he was not brought before an immigration judge, but rather was returned to the border by border patrol officers, and so the voluntary departures were not effected under threat of deportation or removal under *Vasquez–Lopez v. Ashcroft,* 343 F.3d 961 (9th Cir.2003) (per curiam). Tortoledo–Gonzalez testified that when detained by the border patrol, he signed documents agreeing to voluntary departure instead of "continuing to be detained but asking that [his] case be heard before an Immigration Judge." Thus, unlike the petitioner in *Tapia v. Gonzales,* 430 F.3d 997 (9th Cir.2005), the record does not support Tortoledo–Gonzalez's contention that he returned to Mexico without the threat of deportation or removal.

**PETITION FOR REVIEW DENIED.**